UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
EDWARD ARNOLD,                                      :
                                                    :
                    Plaintiff,                      :
                                                    :      **MEMORANDUM &**
       -against-                                    :      **ORDER GRANTING**
                                                    :      **MOTION TO DISMISS**
SANTANDER CONSUMER USA,                             :
                                                    :      3:24-CV-1125 (VDO)
                    Defendant.                      :
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Edward Arnold, proceeding *pro se*, sued Santander Consumer USA following a dispute over a vehicle upgrade and auto loan payments. Santander Consumer USA now moves to dismiss the complaint, arguing that the pleading does not state a claim upon which relief can be granted and fails to conform to Federal Rule of Civil Procedure 8(a)(2). For the reasons set forth below, the Court **grants** the motion to dismiss and gives Plaintiff leave to file an amended complaint.

**I.      BACKGROUND**

Construing Arnold's allegations liberally, the Court infers that Arnold purchased a car on credit from a dealership, which assigned its interest in the purchase agreement to Santander Consumer USA ("Santander").[1] Around April 2, 2024, Santander informed Arnold that the "estimated amount to pay off [his] account [was] $8,104.47."[2] That same month, Arnold spoke

---

[1] Compl., ECF No. 1, at 1; ECF No. 1-1 at 7. On a motion to dismiss, a court generally does not look beyond the facts in the complaint, documents appended to the complaint or incorporated by reference, and matters of which it may take judicial notice. *Concord Assocs., L.P. v. Entm't Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016). Thus, the Court reviews not only the complaint, here, but also the letters and documents appended to the pleading.

[2] ECF No. 1-1 at 7.

with a Santander representative on the phone about the possibility of upgrading his vehicle.[3] The representative may have indicated that Santander would approve the upgrade once Plaintiff "provide[d] the remaining balance on [his] current loan."[4] However, Plaintiff also suggests that Santander promised to approve the upgrade if the payments were "current."[5] Plaintiff seems to have paid some portion of the balance at some point between April and July of 2024.[6]

When Arnold attempted to secure the upgrade, the dealership ran a credit check, and Santander denied the vehicle upgrade.[7] Plaintiff then "tr[ied] to endorse [his] car payment" in May and June of 2024.[8] He sent several letters to Santander's Chief Financial Officer, instructing the executive to "apply [Plaintiff's] balance of $740.92 to their account" and apply "the remaining balance of $7,932.06 [] to the [Plaintiff's] account for setoff."[9] At some point, Arnold's vehicle was repossessed.[10] Plaintiff demands that Santander "accept [his] form of payment," upgrade the car, issue a credit card, and return "all unearned interest . . . in the form of a check[.]"[11]

---

[3] ECF No. 1-1 at 6.
[4] *Id.*
[5] Compl. at 2.
[6] ECF No. 1-1 at 11.
[7] *Id.*; Compl. at 2.
[8] *Id.*
[9] ECF No. 1-1 at 2–5.
[10] Compl. at 2.
[11] *Id.* at 4.

2

On June 26, 2024, Arnold filed the instant complaint, alongside a motion for leave to proceed *in forma pauperis*.[12] The Court denied the motion without prejudice, finding it incomplete, and Arnold paid the filing fee on August 20, 2024.[13] On December 6, 2024, Arnold effected service of process.[14] Santander filed its motion to dismiss on December 30, 2024.[15] Arnold filed an opposition brief on January 21, 2025,[16] and an amended opposition brief on January 24, 2025.[17]

## II.   **LEGAL STANDARDS**

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). "To survive dismissal, the pleadings must contain 'enough facts to state a claim to relief that is plausible on its face[.]'" *Buon v. Spindler*, 65 F.4th 64, 76 (2d Cir. 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[12] ECF No. 2.

[13] ECF No. 10.

[14] ECF No. 20.

[15] ECF No. 23.

[16] ECF No. 25

[17] Am. Opp., ECF No. 28. Plaintiff filed the amended opposition brief without leave of the Court. Given Plaintiff's *pro se* status, however, the Court will consider the amended opposition brief in ruling on the motion to dismiss. *See Matthews v. City of N.Y.*, No. 23-CV-3959, 2023 WL 3505634 at *1 (S.D.N.Y. Sept. 10, 2024) (considering a *pro se* plaintiff's amended opposition brief, though it was filed without the court's leave).

A court must construe the submissions of a *pro se* litigant liberally and interpret them "to make 'the strongest arguments that they suggest.'" *Wiggins v. Griffin*, 86 F.4th 987, 996 (2d Cir. 2023) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Even in a *pro se* case, however, 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (internal citation and quotation marks omitted).

### III.  DISCUSSION

As explained below, Plaintiff fails to state a claim under the various authorities to which he cites. The Court further notes that, though the complaint is difficult to parse, Plaintiff appears to raise meritless arguments that flow from the sovereign citizen movement.

#### A.  Cited Authorities

To the extent that Plaintiff attempts to bring a claim under the Federal Reserve Act, the claim fails as a matter of law. Plaintiff cites to "Section 16 issue notes 1 and 2" of the Federal Reserve Act, as well as "Section 29 Civil Money Pen[al]ties." In the Court's view, Plaintiff

intends to refer to 12 U.S.C. §§ 411, 412, the codification of these two notes, and 12 U.S.C. § 504, the codification of Section 29.[18]

The Federal Reserve Act, however, does not create a private right of action. *See Scriven v. Barnum*, No. 24-CV-1805, 2024 WL 1769318, at *1 (E.D.N.Y. Apr. 24, 2024) (finding that "there is no private right of action under the Federal Reserve Act"). No law in the Second Circuit—or in the country—suggests that a private individual may bring a claim under 12 U.S.C. § 411 or § 412. *See Yancey v. Fulton Financial Corp.*, No. 23-CV-1791, 2024 WL 1344534, at *1 (E.D. Va. Mar. 8, 2024). Further, only federal officials can impose civil penalties under 12 U.S.C. § 504; private individuals have no right to enforce Section 29. *See Nunez v. Credit Acceptance Corp.*, No. 24-CV-1122, 2024 WL 4202448, at *3 (D. Conn. Aug. 27, 2024) (finding the same). Because the relevant statute does not create a private right of action, the Court must dismiss all claims under the Federal Reserve Act. *See Fair v. Verizon Commc'ns Inc.*, 621 F. App'x 52, 53 (2d Cir. 2015) (summary order) ("Determinations that a federal statute does not provide a private right of action are typically subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) (the 'Rules') for failure to state a claim.").

The Court must also dismiss Plaintiff's claim under 15 U.S.C. § 1615. Citing this provision of the Truth in Lending Act ("TILA"), Plaintiff "demands the return of the unearned interest to the principal."[19] The statute in question requires a creditor to "promptly refund any unearned portion of the interest charge" to "a consumer [who] prepays in full the financed

---

[18] *See* Federal Reserve Act, "Section 16. Note Issues," https://www.federalreserve.gov/aboutthefed/section16.htm (last visited April 24, 2025); Federal Reserve Act, "Section 29. Civil Money Penalties," https://www.federalreserve.gov/aboutthefed/section29.htm (last visited April 24, 2025).

[19] Am. Opp. at 4.

5

amount under any consumer credit transaction[.]" 15 U.S.C. § 1615(a)(1). Here, however, Plaintiff does not appear to have "prep[aid] in full the financed amount" under a consumer credit transaction. Plaintiff may have paid some part of the total amount due, but the Court cannot conclude that he prepaid in full the financed amount. The letters that Plaintiff appends to his complaint suggest that he owed Santander at least $7,000,000 as of July 2024. Further, Plaintiff does not allege that he paid *unearned interest* to Santander. Without these crucial facts, Plaintiff does not make out a claim under 15 U.S.C. § 1615.[20] *See Nunez*, 2024 WL 4202448, at *4 (noting that a plaintiff had not "alleged any facts to suggest a violation" of § 1615). The Court must dismiss this claim.

Plaintiff also cites to the "Bill of Exchange Act of 1882" throughout his complaint and opposition briefs.[21] He claims that the "Bill of Exchange is a financial document used to order a party to pay a specific sum of money to another party[.]"[22] However, the Court cannot trace this citation back to any federal or state law currently in effect. Because the law does not appear to exist, other courts in the District of Connecticut—and again, throughout the country—have dismissed claims purportedly based on the "Bill of Exchange." *See Nunez*, 2024 WL 4202448, at *3 (dismissing a *pro se* plaintiff's claims under the "Bill of Exchange" and collecting cases); *Thomas v. BMO Harris Bank*, No. 23-CV-224, 2024 WL 477542, at *6 (S.D. Ala. Jan. 19, 2024). This Court must do the same.

---

[20] Defendant also suggests that this statute does not create a private cause of action. Because the Court dismisses Plaintiff's claim on other grounds, it does not reach this argument. The Court notes, however, that several district courts have entertained complaints brought by private individuals under 15 U.S.C. § 1615(a). *See, e.g., Richardson v. Capital One, N.A.*, 839 F. Supp. 2d 197, 200–03 (D.D.C. 2012).

[21] Compl. at 2; Am. Opp. at 2.

[22] Am. Opp. at 2.

In addition, in the portion of the complaint form allotted to jurisdiction, Plaintiff cites to Uniform Commercial Code section 3-603. Because the Uniform Commercial Code provides no basis for federal jurisdiction, the Court assumes instead that Plaintiff attempts to bring a claim under this section. However, the U.C.C. is not a federal law, nor is it a state law, and it provides Plaintiff with no cause of action. *See Nunez*, 2024 WL 4202448, at *3 (citing *Moss v. Stanley*, No. 8:20-CV-3194, 2020 WL 6111002, at *2 (D.S.C. Oct. 6, 2020)). Even if section 3-603 carved out a right of action, Plaintiff does not explain how this section applies to his auto loan.

In the same vein, the Court must dismiss any claims that Plaintiff attempts to bring under 31 C.F.R. §§ 328.5 and 357.13. First, not only does § 328.5 create no private cause of action, *see Nunez*, 2024 WL 4202448, at *3, but this section also seems to pertain to bearer securities. The Court sees no link between Plaintiff's allegations and this section of the Code of Federal Regulations. Section 357.13 deals with Government obligations with regards to book-entry securities that are in the commercial book-entry system. *See* 31 C.F.R. § 357.13. Again, the Court can find no link between this provision and Plaintiff's complaint, devoid of any allegations involving securities. No private individual has ever brought a claim under either provision of the Code of Federal Regulations.

Finally, Plaintiff cites to 12 U.S.C. § 1431 in his complaint. He suggests that this section "mandates that banks are borrowers and consumers like [P]laintiff [] are creditors who bring business to the bank."[23] As the court noted in *Nunez*, however, this section "defines the powers and duties of the Federal Home Loan Banks[.]" 2024 WL 4202448, at *3 (citing *Anderson v.*

---

[23] Am. Opp. at 3.

*Navy Fed. Credit Union*, No. 23-CV-5506, 2023 WL 6481518, at *2 (W.D. Wash. Oct. 25, 2023)). But Plaintiff takes issue with how Santander has handled and serviced his auto loan—not a home loan. Again, the Court cannot link the authority to any facts alleged in the complaint. Even if this section were relevant to the complaint, it does not appear to create a private right of action.[24]

In sum, Plaintiff refers to a variety of authorities, including federal statutes, but he cannot make out a claim under any of them. The Court must therefore dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

B.    **Sovereign Citizen Theories**

Though the complaint is difficult to follow, the Court notes that some of Plaintiff's arguments resemble those put forward by so-called sovereign citizens. The Second Circuit has described the movement as a "loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013) (summary order). The Third Circuit has summarized one of the movement's fundamental theories:

> "Redemptionist" theory . . . propounds that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard in 19[3]3, and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman[.]

---

[24] The Court notes that Plaintiff cites to 18 U.S.C. § 8 in his opposition briefs, but not in his complaint. Even if Plaintiff had properly included this statute in the complaint, it would not provide a valid cause of action. *See Nunez*, 2024 WL 4202448, at *3 (noting that 18 U.S.C. § 8 simply defines a term without creating a cause of action).

*Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008).

In a document entitled "Durable Power of Attorney," appended to the complaint, Plaintiff appears to appoint "ARNOLD EDWARD" as his "attorney-in-fact," authorized to act on his behalf. In other words, Plaintiff suggests that ARNOLD EDWARD, in capital letters, refers to a legal entity distinct from Edward Arnold himself.[25] Sovereign citizens believe that "when a person's name is spelled . . . with initial capital letters and small letters, it represents the 'real person' . . . [and w]henever a person's name is written in total capitals, . . . only [a] 'strawman' is referenced, and the flesh and blood person is not involved.'" *Santana v. United States*, No. 16-CV-5750, 2017 WL 2470834, at *2 (S.D.N.Y. June 6, 2017).

Further, in his opposition to the motion to dismiss, Plaintiff explains that he "decided to endorse the contract for the remaining balance on the vehicle," after Santander (or the dealership) denied the requested upgrade. To that end, Plaintiff "submitted the endorsed Tender of payment with said instructions to Santander, [] who insisted on cash payment."[26] In his letters to the Chief Financial Officer of Santander, entitled "Instructions for Principal Account Setoff," Plaintiff sought to apply certain "balance[s]" to other accounts "for setoff."[27] The Court understands these muddled statements to mean that Plaintiff attempted to pay off the auto loan with an "endorsement, or other non-standard, self-generated document[.]" *Sears v. Rocket Mortgage, LLC*, No. 25-CV-409, 2025 WL 1001586, at *3 (E.D. Cal. Apr. 3, 2025).

---

[25] ECF No. 1-1 at 1.
[26] Am. Opp. at 1.
[27] ECF No. 1-1 at 2–5.

The Court dismisses these arguments as frivolous. Indeed, courts in this Circuit and throughout the country have labeled these theories as such. *See, e.g., Moore v. Discover Bank*, No. 24-CV-3194, 2024 WL 2784878, at *2 (S.D.N.Y. May 28, 2024) (dismissing a complaint where a plaintiff directed a bank executive to "apply the positive value of the negotiable instruments on the account to set off the account and bring it to zero"); *Masala v. Napolitano*, No. 22-CV-1641, 2024 WL 1157261, at *2–3 (D. Conn. Mar. 18, 2024) (dismissing an appeal where a plaintiff argued that he "tender[ed a] payment" that included a "Private Registered Set-Off Bond valued at One Million Dollars"); *Sears*, 2025 WL 1001586, at *2–3 (dismissing a complaint where "the underlying premise of the complaint [was] that plaintiff's promissory note to defendant was legal tender that discharged the debt on his mortgage"). To the extent that Plaintiff argues that he paid his loan off by "endors[ing]" it—that is, by submitting an "endorsed Tender of payment" to Santander—the Court must dismiss those arguments.[28]

C.  **Leave to Amend**

The Court will grant Plaintiff leave to amend the complaint. Generally, a court should allow amendment "unless the court can rule out any possibility, however unlikely it may be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 795 (2d Cir. 1999). Plaintiff does not identify a valid cause of action in his complaint and the Court dismisses the specious arguments that flow from the sovereign citizen movement, but the Court concedes that Plaintiff could make out a claim with additional **factual allegations**. Plaintiff must file a motion to amend the complaint by **June 6, 2025**, and he must append to his motion the

---

[28] Compl. at 2; Am. Opp. at 1.

proposed amended complaint, which will replace in its entirety the initial complaint. If Plaintiff fails to file a motion to amend by this date, the Court will close the case.

## IV.     CONCLUSION

For these reasons, the Court **grants** Santander's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). If Plaintiff wishes to amend his complaint, he must file a motion to amend, including a proposed amended complaint, on or before **June 6, 2025**.

**SO ORDERED.**

Hartford, Connecticut
May 9, 2025

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge